## CONTEST OF WILL—ADMISSIBILITY OF DECLARATIONS OF TESTATOR.

Circuit Court of Cuyahoga County.

WILLIAM BOEPPLE V. ANNA M. MELLERT ET AL.

Decided, November 7, 1900.

*Evidence—Wills—When Declarations of Testator Admissible.*

Declarations of a testator, made before or after the making of the will, if made near such time, are admissible to prove the state of mind of the testator, but not to prove the fact of undue influence.

CALDWELL, J.; MARVIN, J., and HALE, J., concur.

This action is brought in this court on a petition in error to reverse the judgment of the court of common pleas, in which court the will of the mother of the plaintiff in error was set aside.

The testatrix had several children living at the time of her death. She left her property to her son William, the plaintiff in error, by will, and the action in the common pleas court was brought by the disinherited children to set aside the will.

The plaintiff in error says the court erred in its charge to the jury. We find no error in the charge.

The plaintiff in error says the verdict is against the evidence. The verdict is the *only* one the jury could be, in any way, justified in finding.

The grounds in the petition for setting aside the will are: *first,* mental incapacity; *second,* undue influence on behalf of William.

Complaint is made of the court below in that it erred in its ruling on the admission of testimony. This complaint pertains mostly to the declaration of the testatrix made both before and after the making of the will; but being made near the time of making the will, there is no just cause of complaint by reason of remoteness.

Complaint is also made of rulings as to the evidence of a family quarrel, wherein the court allowed William's rough treatment of his father to be shown.

It is the rule that in an issue of undue influence the relations of the members of the family to each other may be shown.

The contestants, to make their case out, undertook to show that William, to get the will as he wanted it in his favor, excluded the other members of the family from the mother; then brought her under his influences, and overcame her free agency in making her will. This plan of his involved three steps: (1) excluding by violence all other members of the family from his mother; (2) by such violence and other means bringing his mother completely under his control; (3) thus overcoming her mind, and procuring the will as he wanted it and not as she might wish to make it.

While these three propositions are so blended as to show one continued line of conduct to reach his ultimate purpose and are to be considered for the purpose of determining the materiality of the abuse of his father, and the court so considered it, it clearly appears that such testimony was entirely competent.

It is claimed that the court erred in admitting certain declarations of the testatrix for the purpose of proving the fact of undue influence.

The court followed the true rule of law in regard to such declarations in its charge to the jury; and, if the court erred in its rulings on the admissibility of such declarations, it was not because the court did *not* know the rules of law, but it was because the court erred as to what the admissions *tended* to prove. The law is, that declarations of the testatrix, made *before* or *after* the making of the will, if made *near* such time, are admissible to prove the state of the mind of the testatrix, but are *not* admissible to prove the fact of undue influence. If the declarations tend to prove both the fact of undue influence and the state of mind of the testatrix, *then* the court *must* admit the testimony and instruct the jury that it can consider the declarations only so far as they tend to prove the state of mind of the testatrix. The trial court impressed upon the jury in a very clear and emphatic charge, the true rule as to how far it could use such evidence. When these rules are borne in mind, it will be seen that the trial court's rulings were correct. The only one as to which

there can be any question, is what the testatrix said about why the revolver came to be in her bed.  This testimony *tends* to show that she had such fear of William, that she was afraid to move it—which would be mental state; or that he had so far overcome the natural affections of her heart for her other children, that she was willing and ready, in her then mental condition, to keep the revolver in her bed for the purpose of keeping the children out of her sick room.

Which ever of these propositions would express her feelings, would *tend* to prove her state of mind towards her *other* children, and for that reason the testimony is admissible.  And the court, having guarded the jury as to how far and for what purpose it could use such testimony, in a manner that the jury could not possibly have misunderstood, it seems to us that the trial below was a fair one; that the proper judgment was entered under the evidence in the case; and that there was no error on the part of the court, either in the charge or in the admission or rejection of testimony, and the judgment is affirmed.